# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
### DAUPHIN

_____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| 2018-CV-1755-CV |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

<table>
<tr>
<td rowspan="7">S E C T I O N A</td>
<td colspan="2">
<b>Commencement of Action:</b><br>
☒ Complaint   ☐ Writ of Summons   ☐ Petition<br>
☐ Transfer from Another Jurisdiction   ☐ Declaration of Taking
</td>
</tr>
<tr>
<td>
Lead Plaintiff's Name:<br>
NANCY S. SNYDER AND DEAN D. SNYDER
</td>
<td>
Lead Defendant's Name:<br>
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
</td>
</tr>
<tr>
<td>
<b>Are money damages requested?</b> ☒ Yes   ☐ No
</td>
<td>
Dollar Amount Requested:   ☐ within arbitration limits<br>
(check one)   ☒ outside arbitration limits
</td>
</tr>
<tr>
<td>
<b>Is this a <i>Class Action Suit</i>?</b>   ☐ Yes   ☒ No
</td>
<td>
<b>Is this an <i>MDJ Appeal</i>?</b>   ☐ Yes   ☒ No
</td>
</tr>
<tr>
<td colspan="2">
Name of Plaintiff/Appellant's Attorney:   DANIEL E.P. BAUSHER, ESQ.<br>
     ☐   Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)
</td>
</tr>
</table>

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

_____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

_____

- ☒ Other: UNDERINSURED MOTORIST CLAIM

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

_____

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA

NANCY S. SNYDER and                    :    CIVIL ACTION - LAW
DEAN D. SNYDER, her husband,           :
                                       :    No. 2018-CV-1755-CV
            Plaintiffs                  :
                                       :    JURY TRIAL DEMANDED
      vs.                              :
                                       :
STATE FARM MUTUAL AUTOMOBILE           :
INSURANCE COMPANY,                     :
                                       :
            Defendant                   :

To:   Defendant, State Farm Mutual Automobile Insurance Company

### NOTICE TO DEFEND

            You have been sued in court. If you wish to defend against the claims set forth in
the following pages, you must take action within twenty (20) days after this complaint and notice
are served, by entering a written appearance personally or by attorney and filing in writing with
the court your defenses or objections to the claims set forth against you. You are warned that if
you fail to do so the case may proceed without you and a judgment may be entered against you
by the court without further notice for any money claimed in the complaint or for any other claim
or relief requested by the plaintiff. You may lose money or property or other rights important to
you.

            YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF
YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH
BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A
LAWYER.

            IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE
ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY
OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

                  Dauphin County Lawyer Referral Service
                              213 N. Front Street
                        Harrisburg, Pennsylvania 17101
                          Phone: (717) 232-7536

SL1 1509521v1 109528.00001

## NOTICE

## CONCERNING MEDIATION OF ACTIONS PENDING BEFORE THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY

The Judges of the Court of Common Pleas of Dauphin County believe that mediation of lawsuits is a very important component of dispute resolution. Virtually all lawsuits can benefit in some manner from mediation.

The Court has adopted Dauphin County Local Rule 1001 to encourage the use of mediation. This early alert enables litigants to determine the best time during the life of their lawsuit for a mediation session. The intent of this early alert is to help the parties act upon the requirement to consider good faith mediation at the optimal time.

The Dauphin County Bar Association provides mediation services and can be reached at 717-232-7536. Free mediation sessions for pro bono cases referred by MidPenn Legal Services are available through the DCBA.

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objeciones a, las demandas presentadas aquí en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME 0 VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACIÓN A CERCA DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACIÓN SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO 0 BAJO COSTO A PERSONAS QUE CUALIFICAN.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

SL1 1509521v1 109528.00001

## AVISO

## REFERENCES A LA MEDIACIÓN DE LAS ACCIONES PENDIENTES ANTES LA CORTE DE SOPLICAS COMUNES DEL CONDADO DE DAUPHIN

Los jueces de la corte de suplicas comunes del condado de Dauphin creen que la mediación de pleitos es un componente muy importante de la resolución del conflicto. Virtualmente todos los pleitos pueden beneficiar de cierta manera de la mediación.

La code ha adoptado la regla local de condado de Dauphin 1001 para animar el use de la mediación. Esta alarma temprana permite a litigantes determinar la mejor época durante la vida de su pleito para una sesión de la mediación. El intento de esta alarma temprana es actuar sobre la mediación de la buena fe en el tiempo óptima.

La asociación de la barra del condado de Dauphin proporciona servicios de la mediación y se puede alcanzar en 717-232-7536. La sesión libre de la mediación para los favorables casos del bono se refinio por MidPenn que los servicios jurídicos están disponibles con el DCBA.

## COMPLAINT

1. The amount in controversy is greater than the limits of compulsory arbitration, exclusive of interest and costs.

2. The plaintiffs, Nancy S. Snyder and Dean D. Snyder, are adult and competent individuals presently residing at 219 Dahl Road, Bloomsburg, Columbia County, Pennsylvania 17815.

3. Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter "State Farm"), is a corporation authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania and regularly conducts business in Dauphin County, Pennsylvania. At all times relevant hereto, State Farm maintained an office at 1 State Farm Drive, Concordville, PA 19331.

4. On or about December 30, 2014, at approximately 7:30 a.m., the plaintiff Nancy S. Snyder was operating her motor vehicle eastbound on Wertzville Road approaching the intersection with Technology Parkway in Hampden Township, Cumberland County, Pennsylvania.

5. At the aforesaid time and place, the tortfeasor Gary Jenkins, was operating his motor vehicle westbound on Wertzville Road approaching the intersection with Technology Parkway in Hampden Township, Cumberland County, Pennsylvania.

6. At the aforesaid time and place, as Plaintiff Nancy S. Snyder lawfully, carefully and properly entered the intersection with a green traffic light, the tortfeasor made a left hand turn across the eastbound lanes of traffic on Wertzville Road and collided with the vehicle operated by the plaintiff.

7. The aforesaid collision was caused by the negligence and carelessness of the tortfeasor Gary Jenkins.

8. As a result of the aforesaid collision and the conduct of the tortfeasor, the plaintiff, Nancy S. Snyder, suffered numerous, severe, permanent, irreparable and disabling injuries, including but not limited to a left great toe dislocation; a comminuted sesamoid fracture necessitating its surgical removal; a right medial meniscal tear resulting in an arthroscopy, a partial medial meniscectomy and a chondroplasty of the patellofemoral compartment; an activation and/or aggravation of arthritis in her right knee requiring cortisone injections and a total right knee replacement, significant contusions bilaterally to the lower extremities, emotional upset, severe shock to the nervous system and numerous other injuries.

9. As a further result of the aforesaid collision and the conduct of the tortfeasor, plaintiff was or may be obligated to accumulate and to continue in the future to accumulate reasonable and necessary medical expenses for physicians' fees, hospital bills, therapeutic treatments, rehabilitation, medicines and various other expenses, which expenses have exceeded or may exceed sums recoverable under the limits of 75 P.S. § 1711.

10. As a further result of the aforesaid collision and the conduct of the tortfeasor, the plaintiff has incurred a wage loss and/or loss of earnings to date, which amount exceeds any sums recoverable under the limits of 75 P.S. § 1711, said amounts to be proven at the time of trial.

11. As a further result of the aforesaid collision and the conduct of the tortfeasor, the plaintiff may suffer an effect on future earning capacity, of which earnings loss will exceed sums recoverable under the limits of 75 P.S. § 1711, said amounts to be proven at time of trial.

12. As a further result of the aforesaid collision and the conduct of the tortfeasor, plaintiff has undergone much pain, suffering and inconvenience, is undergoing much pain,

2

suffering and inconvenience, and will in the future be required to undergo much pain, suffering and inconvenience.

13. As a further result of the aforesaid collision and the conduct of the tortfeasor, plaintiff was unable to follow usual social and recreational activities, and may be unable to follow such usual social and recreational activities in the future.

14. As a further result of the aforesaid collision and as the result of conduct of the tortfeasor, plaintiff's enjoyment of life has been impaired from the date of the collision until present and further, may be impaired for some time in the future.

15. As a further result of the aforesaid collision and as a result of the conduct of the tortfeasor, plaintiff has suffered severe and permanent scarring and disfigurement and the embarrassment and humiliation associated therewith.

16. At the time of the collision, the tortfeasor was insured by Progressive Insurance Company with bodily injury liability insurance limits in the amount of $25,000.

17. On or about November 14, 2016, Progressive Insurance Company on behalf of the tortfeasor offered its policy limits in the amount of $25,000 to settle the tort claim.

18. The tortfeasor's bodily injury policy limits are not adequate to compensate the plaintiff for the injuries she sustained as a result of the subject accident.

19. At the time of the subject accident, plaintiff was insured under the policy of insurance issued by defendant, State Farm, policy no. 672 2486-F23-38L-001, a true and correct copy of the Declaration Pages of the policy are attached hereto as Exhibit A.

20. Pursuant to the aforesaid State Farm insurance policy, plaintiff was covered by underinsured motorist (UIM) coverage in the amount of $90,000 ($15,000 per vehicle for six covered vehicles). A confirming letter from State Farm is attached hereto as Exhibit B.

3

21. All required premiums for such insurance coverage were paid by plaintiffs, and the insurance policy, including the underinsured motorist endorsement, were in full force and effect on the date of the subject motor vehicle collision.

22. Upon receipt from plaintiff of notice of a underinsured motorist claim, State Farm provided its consent to settle the tort claim and waived its subrogation claim against the tortfeasor on or about November 30, 2016.

23. After receiving consent to settle and waiver of subrogation from State Farm Insurance Company, plaintiffs accepted the $25,000 from Progressive to resolve the tort claim.

24. The UIM endorsement under the State Farm policy provided that "We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle. The bodily injury must be: (1) sustained by an insured and (2) caused by an accident that involves the ownership, maintenance, or use of an underinsured motor vehicle as a motor vehicle. We will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insured plan that apply to the insured's bodily injury have been used up by payment of judgments or settlements, or have been offered to the insured in writing". A true and correct copy of the subject UIM endorsement is attached hereto as Exhibit C.

25. An insured is defined under the State Farm policy as "you" or "any resident relatives". Plaintiffs are insureds under the aforesaid policy.

26. Upon the resolution of the tort claim by the plaintiffs, plaintiffs notified defendant State Farm Insurance Company that they intended to present an underinsured motorist claim and made a written demand for the limits of underinsured motorist coverage due in the

4

amount of $90,000, based upon the plaintiff's injuries as reflected in the various medical records and reports supplied to defendant State Farm.

27.  Plaintiff's have continuously demanded payment of the underinsured motorist coverage limits after the tort claim was settled.

28.  Plaintiff's medical records clearly establish that plaintiff suffered and continues to suffer from the serious injuries mentioned above.

29.  Although Defendant has retained counsel, who has taken the sworn statement under oath from plaintiff Nancy Snyder, subpoenaed her medical records and conducted an independent medical examination, defendant has not made an offer that is reasonable or rationally based upon the evidence.

30.  In addition to the injuries suffered by plaintiff Nancy Snyder, plaintiff's husband, Dean D. Snyder, has also asserted a loss of consortium claim as a result of the subject accident.

31.  At the time of the subject motor vehicle accident, the State Farm Insurance policy provided the limited tort option for the plaintiffs.  Plaintiffs assert that the injuries suffered in this collision were serious injuries that satisfy the limited tort threshold.

### COUNT I

### (BREACH OF CONTRACT)

32.  Plaintiffs incorporate herein as a part thereof the averments contained in paragraphs 1 through 31 of this Complaint, inclusive, the same as though they were herein set forth in full.

33.  Plaintiffs have fully complied with the terms, conditions and duties required under the State Farm policy.

5

34. Defendant State Farm has failed objectively and fairly to evaluate the plaintiffs' claim.

35. Defendant State Farm has failed promptly to offer payment of the reasonable and fair value of the claim of the plaintiffs.

36. Defendant State Farm failed reasonably to investigate plaintiffs' claim in as much as a thorough and proper inquiry would have revealed that plaintiff sustained serious injuries.

37. As an insured under the aforesaid State Farm policy, plaintiff is owed by defendant a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

38. For the reasons set forth above, defendant State Farm has violated its obligations under the policy of insurance and breached the aforesaid contract.

WHEREFORE, plaintiffs demands judgment against the defendant State Farm Mutual Automobile Insurance Company in the full amount of the policy limits for

SLI 1509521v1 109528.00001

underinsured motorist benefits, as well as interest, costs, attorneys' fees and such other relief as

this Honorable Court deems just and proper.

STEVENS & LEE, P.C.

Dated: 03/06/18

By: _____

Daniel E. P Bausher, Esquire
Attorney I.D. No. 29980
deb@stevenslee.com
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679
(610) 478-2207

*Attorneys for Plaintiffs*

7

## VERIFICATION

I, Nancy S. Snyder, verify that I am the Plaintiff in the within action; that the attached Complaint is based upon the facts of which I have personal knowledge or information furnished to me by counsel; that the language of the document is that of counsel and not my own; and that the facts set forth in the foregoing document are true and correct to the best of my knowledge, information and belief.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 2/26/18          , 2018

# EXHIBIT A

Customer name:NANCY SNYDER
DEAN D SNYDER
Address: 295 BURN HILL RD
SHERMANS DALE, PA 17090-
8903
Policy: 672 2488-F23-38L-001
Status: PAID ON SFPP

Company: SF Mutual
Servicing Agent: BILL KEENER
Eff date: 12-23-2014 to 06-23-2015
Description: 2010 MERCEDES C300 4DR
VIN: WDDGF8BB4AF439250
SFPP #: 0040082413

## Premium/Billing Information

|  |  |
|---|---|
| Amount Due: | ON SFPP |
| Total vehicle amount due: | 0.00 |
| Total vehicle premium: | 330.44 |
| Total policy premium: | 330.44 |
| Last amount paid: | 0.00 |
| Previous premium: | 325.17 |
| Premium refund: | 0.00 |
| Dividend amount: | 15.00 |
| Dividend date: | 06-23-2000 |
| Dividend amount: | 11.30 |
| Dividend date: | 06-23-2007 |

## Additional Policy Details

Policy form:  9838A

## Coverage Details

The premium amounts shown reflect a six-month policy term.

| Code | Description | Amount |
|---|---|---|
| A | Liability Coverage | 90.94 |
|  | Bodily Injury Limits | |
|  | Each Person, Each Accident | |
|  | $250,000 $500,000 | |
|  | Property Damage Limit | |
|  | Each Accident | |
|  | $100,000 | |
| C2 | Medical Payments Coverage | 10.66 |
|  | Limit – Each Person | |
|  | $5,000 | |
| D | Comprehensive Coverage – $100 Deductible | 75.32 |
| G | Collision Coverage - $500 Deductible | 135.24 |
| H | Emergency Road Service Coverage | 1.60 |
| U | Uninsured Motor Vehicle Coverage | 2.38 |
|  | Bodily Injury Limits | |
|  | Each Person, Each Accident | |
|  | $15,000 $30,000 | |
| W | Underinsured Motor Vehicle Coverage | 7.26 |
|  | Bodily Injury Limits | |

|    |                                                        |        |
|----|--------------------------------------------------------|--------|
|    | Each Person, Each Accident                             |        |
|    | $15,000 $30,000                                        |        |
| F  | Funeral Benefits Coverage                              | 0.34   |
|    | Each Person Limit                                      |        |
|    | $2,500                                                 |        |
| Y1 | Death, Dismemberment, and Loss of Sight Coverage       | 0.85   |
| Z3 | Loss of Income Coverage                                | 5.85   |
|    |                                               Total:   | 330.44 |

## Vehicle Details

Year: 2010
Make: MERCEDES
Model: C300
Body Style: 4DR
VIN: WDDGF8BB4AF439250

MSRP base: 0.00
MSRP additional equip: 0.00

## Odometer Information

Odometer reading: 20,100
Odometer date: 01-2013

## Vehicle Usage

Annual miles: 12,001
Use of vehicle: PLSR/WK/SCH

## Discounts & Surcharges

| Description |
|-------------|
| Discounts |
| Multiple Line – HOMEOWNERS & PLUP |
| Accident Free |
| Multicar |
| Vehicle Safety |
| Antitheft |
|   Total Discount Amount: 313.36 |
| Surcharges |
| NONE |

## Multiple Line Discount

Qualifying policy type:  HOMEOWNERS & PLUP

## Assigned Client Information

Name:  NANCY SNYDER
Date Licensed:  10-01-1972

Birth Date:  10-17-1956

## Accident/Violation Information

Name:  NANCY SNYDER
Acc/viol date:  06-12-2012
Type:  ACCIDENT

## Household Driver Details

**DEAN D SNYDER**

02/03/2015  04:57    7179572157              KEENER STATE FARM                    PAGE  04/06
   Customer Copy - NANCY SNYDER                                                    Page 3 of 4

              Birth date:  02-08-1957                Occupation:  SUPERVISOR
              Gender:  MALE
       Marital Status:  SINGLE

              License :  XXXX2073                     Date Issued:  02-01-1973
         State/Prov:  PA                          Expiration Date:  02-09-2011
       License class:  CM-
                       NCOM,PASSVEH,CYC

NANCY SNYDER
              Birth date:  10-17-1956               Occupation:  NURSE
              Gender:  FEMALE
       Marital Status:  MARRIED

              License :  XXXX4967                     Date Issued:  10-01-1972
         State/Prov:  PA                          Expiration Date:  10-18-2008
       License class:  C-NCOM,PASS VEHICLE


Additional Interests

   Lienholders
      Code: 20790
            MERCEDES-BENZ FINANCIAL
            INSURANCE SERVICES
            PO BOX 685
            ROANOKE TX 76262-0885

   Additional Insured/Lessors
      NONE

   Insurance Certificates
      NONE

Endorsements

| Number | Eff Date | End Date | Description |
|--------|----------|----------|-------------|
| 0011 |  |  | THIS POLICY PROVIDES LIMITED TORT OPTION |
| 5091U |  |  | CERTIFICATE OF GUARANTEED RENEWAL |
| 6126LN |  |  | AMENDATORY ENDORSEMENT |
| 8938A.1 |  |  | AMENDATORY ENDORSEMENT |


Household Vehicles - Private Passenger

| Vehicle | Policy | Principal Operator/Assigned Driver | Birthdate |
|---------|--------|-----------------------------------|-----------|
| 2010 MERCEDES C300 | 6722486-F23-38L-001 | P/A NANCY SNYDER | 10-17-1956 |
| 2016 FORD FUSION | 6687716-A11-38X-001 | P/A DEAN SNYDER | 02-08-1957 |
| 2005 FORD F150 | 6687716-A11-38X-003 | P   DEAN SNYDER | 02-08-1957 |

   (P/A = Principal Operator AND Assigned Driver(s))

   (P = Principal Operator)

   (A = Assigned Driver(s))

02/03/2015   04:57     7179572157          KEENER STATE FARM              PAGE  05/06

Customer Copy - NANCY SNYDER                                             Page 4 of 4

The information on this document is presented for general informational
purposes only and is not intended to serve as a declaration page or policy.

State Farm Mutual Automobile Insurance Company, Bloomington, Illinois

# EXHIBIT B

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



November 17, 2016

Stevens & Lee                          **State Farm Claims**
PO Box 679                             PO Box 106171
Reading PA 19603-0679                  Atlanta GA 30348-6171

RE:    Claim Number:      38-579M-762
       Date of Loss:      December 30, 2014
       Our Insured:       Nancy Snyder
       Claimant Name:     Gary Jenkins
       Policy Number:     672248638L

To Whom It May Concern:

Please find enclosed a copy of the Declaration Page for our insured Nancy & Dean Snyder.
Also enclosed are the tort selection and Uninsured/Underinsured Motorist Coverage selection
forms. The Snyders have the stacking option and a total of six policies with
Uninsured/Underinsured Motorist coverage. All the policies have 15000/30000 limits.

If you have questions or need assistance, please call us at (844) 292-8615 Ext. 355.

Sincerely,

Andrew Warren
Claim Specialist
(844) 292-8615 Ext. 355
Fax: (855) 820-6318

State Farm Mutual Automobile Insurance Company

Enclosure(s):  Declarations Page, Tort Selection Form, Uninsured/Underinsured Motorist
               selection forms.



RECEIVED
NOV 2 1 2016
STEVENS & LEE

# EXHIBIT C

## UNDERINSURED MOTOR VEHICLE COVERAGES

This policy provides Underinsured Motor Vehicle – Coverage W (Stacking Option) to the vehicles for which symbol "W" and a corresponding premium are shown on the Declarations Page.

This policy provides Underinsured Motor Vehicle – Coverage W3 (Non-Stacking Option) to the vehicles for which symbol "W3" and a corresponding premium are shown on the Declarations Page.

### Additional Definitions – Coverages W and W3

*Insured* means:

1. *you;*

2. *resident relatives;*

3. any other *person* while *occupying:*

   a. *your car,* a *temporary substitute car,* or a trailer attached to such a *car.* Such other *person* is an *insured* only under the coverage applicable to the vehicle which that *person* was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of *your* consent; or

   b. a *newly acquired car* or a trailer attached to such a *car.* If the *newly acquired car* replaces *your car,* such other *person* is an *insured* only under the coverage applicable to the vehicle that was replaced. If the *newly acquired car* does not replace *your car,* such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse.* Such *car* has to be used within the scope of *your* consent.

Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured;* and

4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Underinsured Motor Vehicle* means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:

   a. insured or bonded for bodily injury liability at the time of the accident; or

   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and

2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources:

   a. are less than the amount of the *insured's* damages; or

   b. have been reduced by payments to *persons* other than *you* and *resident relatives* to less than the amount of the *insured's* damages.

*Underinsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by,* rented to, or furnished or available for the regular use of *you* or any *resident relative;*

3. designed for use primarily off public roads except while on public roads;

4. while located for use as a dwelling or other premises; or

5. defined as an *uninsured motor vehicle* under Uninsured Motor Vehicle Coverage of this policy.

23

### Insuring Agreement – Coverages W and W3

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

2. caused by an accident that involves the ownership, maintenance, or use of an *underinsured motor vehicle* as a motor vehicle.

*We* will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the *insured's bodily injury* have been used up by payment of judgments or settlements, or have been offered to the *insured* in writing.

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

### Consent to Settlement – Coverages W and W3

The *insured* must inform *us* of a settlement offer for the full amount of all available limits proposed by or on behalf of the owner or driver of the *underinsured motor vehicle*, and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.

2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

   a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *underinsured motor vehicle*; and

   b. any recovery from or on behalf of the owner or driver of the *underinsured motor vehicle* shall first be used to repay *us*.

### Deciding Fault and Amount – Coverages W and W3

1. a. The *insured* and *we* must agree to the answers to the following two questions:

   (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *underinsured motor vehicle*?

   (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *underinsured motor vehicle*?

   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

   (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

      (a) *us*;

      (b) the owner and driver of the *underinsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

      (c) any other party or parties who may be legally liable for the *insured's* damages;

   (2) consent to a jury trial if requested by *us*;

   (3) agree that *we* may contest the issues of liability and the amount of damages; and

   (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

24
9838A

2. *We* are not bound by any:

   a. judgment obtained without *our* written consent; and

   b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

## Limits – Coverages W and W3

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

   a. The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*, is the lesser of:

      (1) the limit shown under "Each Person"; or

      (2) the amount of all damages resulting from that *bodily injury* reduced by the sum of all payments for damages resulting from that *bodily injury* made by or on behalf of any *person* or organization who is or may be held legally liable for that *bodily injury*.

   b. Subject to a. above, the most *we* will pay for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for *bodily injury* made to all *insureds* by or on behalf of any *person* or

organization who is or may be held legally liable for the *bodily injury*.

2. These Underinsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

   a. *insureds*;

   b. claims made; or

   c. *underinsured motor vehicles* involved in the accident.

## Limits – Coverage W3

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:

   a. the limit applicable to the vehicle that was involved in the accident while *occupying your car*;

   b. the limit applicable to the vehicle that was replaced while *occupying* a *newly acquired car* that replaces *your car*; or

   c. the limit applicable to any one vehicle insured under this policy while injured as a *pedestrian* or injured while *occupying* a *newly acquired car* that does not replace *your car*, a *temporary substitute car*, or a *non-owned car*.

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

## Nonduplication – Coverages W and W3

*We* will not pay under Underinsured Motor Vehicle Coverage any damages that have already been paid to or for the *insured*:

1. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

2. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

**Exclusions – Coverages W and W3**

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY*;

2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN *INSURED* IF THE *BODILY INJURY* IS NOT A *SERIOUS INJURY* AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**Exclusions – Coverage W**

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY THAT INSURED* IF THE VEHICLE IS NOT INSURED FOR UNDERINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

**Exclusions – Coverage W3**

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*.

This exclusion does not apply to the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while *occupying* a motor vehicle not *owned by* one or both of them.

If Other Underinsured Motor Vehicle Coverage Applies – Coverage W

1. If underinsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by *us* or any other insurer, any coverage applicable:

   a. under this policy shall apply on a primary basis if the *insured* sustains *bodily injury* while not *occupying* a motor vehicle or trailer.

   b. to the vehicle covered under this policy which the *insured* was *occupying* when the *bodily injury* was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.

   c. under this policy shall apply on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car*.

2. Subject to item 1 above, if this policy and one or more other policies provide coverage for *bodily injury*:

   a. on a primary basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all

applicable underinsured motor vehicle coverage on a primary basis.

b. on an excess basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable underinsured motor vehicle coverage provided on an excess basis.

### If Other Underinsured Motor Vehicle Coverage Applies – Coverage W3

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by one or more of the *State Farm Companies* apply to the same *bodily injury*, then:

   a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

   a. If:

      (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

27
9838A

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

## Our Payment Options – Coverages W and W3

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Collision Coverage if "G";

3. Emergency Road Service Coverage if "H";

4. Car Rental and Travel Expenses Coverage if "R1"

to the vehicles for which the corresponding symbols and premiums are shown on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

a. being driven by an *insured*; or

b. in the custody of an *insured* if at the time of the *loss* it is:

(1) not being driven; or

(2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*; and